# IN THE COURT OF APPEALS OF IOWA

No. 16-0749
Filed February 8, 2017

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**CURTIS MICHAEL SMITH,**
  Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee II (motion to suppress) and William A. Price (trial and sentencing), District Associate Judges.

Curtis Smith appeals his conviction for operating while intoxicated (OWI), second offense. **AFFIRMED.**

Daniel J. Rothman of McEnroe, Gotsdiner, Brewer, Steinbach & Rothman P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Appealing from his conviction for operating while intoxicated (OWI), second offense, Curtis Smith alleges the approximately eleven minutes between the time of his arrival at the police station and the time he was allowed to make a phone call was an unnecessary delay. On this basis, he alleges the trial court erred in denying his motion to suppress evidence. Because the record shows law enforcement complied with Iowa Code section 804.20 (2015), we affirm.

**I. Background Facts and Proceedings.**

Smith was suspected of OWI after two officers watched Smith drive his vehicle into a police barricade. He continued driving until stopped by police. The officers observed that Smith had a heavy odor of alcoholic beverage on his breath, blood-shot eyes, and slurred speech.

The officers determined there was sufficient cause to believe Smith had operated a motor vehicle while under the influence of alcohol and decided to conduct field sobriety tests. However, because field conditions presented safety concerns, the officers decided to transport Smith to the police station for testing rather than conducting the test in the field. Before he arrived at the police station, Smith asked to make a phone call.

Smith was not granted a phone call immediately when he arrived at the police station. First, an officer conducted a pat down search of Smith. Then Smith spent up to five minutes in a holding cell while an officer was briefed on the investigation. Smith was then informed he was not under arrest but was asked to perform field sobriety tests. Smith refused all the tests offered him except a preliminary breath test, which showed a blood alcohol concentration of .222.

Smith was placed under arrest, read an implied consent advisory, advised of his section 804.20 rights, and then allowed to make phone calls. After an unsuccessful attempt to call an attorney, Smith submitted to chemical testing, which showed his blood alcohol content was .208.

The State charged Smith with OWI, second offense. Smith moved to exclude evidence, based in part on the alleged violation of his section 804.20 rights. The district court concluded the delay was not unreasonable, and therefore not violative of section 804.20, and denied the motion on this basis. Smith waived his right to a jury trial, and the case was submitted to the court for consideration on the minutes of evidence. The court found Smith guilty as charged. Smith now appeals.

**II. Analysis.**

Iowa Code section 804.20 provides that when a law enforcement officer takes a person into custody, the officer "shall permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of the person's family or an attorney of the person's choice, or both." This limited statutory right allows a person to obtain advice before deciding whether to take a chemical test under implied consent procedures. *See State v. Senn*, 882 N.W.2d 1, 6 (Iowa 2016) (plurality opinion); *State v. Hellstern*, 856 N.W.2d 355, 361 (Iowa 2014); *State v. Tornquist*, 120 N.W.2d 483, 493 (Iowa 1963) (stating the statute's purpose is "to give a person held in custody the right to consult with or have the advice and aid of members of his family in regard to his own troubles"). If section 804.20 is violated, the remedy is exclusion of

evidence, which extends to breath tests, breath test refusals, and non-spontaneous statements. *See State v. Hicks*, 791 N.W.2d 89, 97 (Iowa 2010).

Smith asserts the trial court erred in denying his motion to suppress because the approximately eleven minutes that passed between the time of his arrival at the police station and the time he was allowed to make a phone call was an "unnecessary delay" and violated section 804.20. We review his claim for correction of errors at law. *See State v. Lamoreux*, 875 N.W.2d 172, 176 (Iowa 2016). If the trial court "correctly applied the law and substantial evidence supports the court's fact-finding," we will affirm the court's ruling on Smith's motion to suppress. *See id.* We are to apply section 804.20 "in a pragmatic manner, balancing the rights of the arrestee and the goals of the chemical-testing statutes." *State v. Tubbs*, 690 N.W.2d 911, 914 (Iowa 2005).

The right to make a phone call arises once a person arrives "at the place of detention." Iowa Code § 804.20; *see also State v. Serrine*, No. 15-1496, 2017 WL 108290, at *8 (Iowa Ct. App. Jan. 11, 2017). There is no dispute that Smith requested to make a phone call and was given the opportunity to make one after he arrived at the police station. The question before us is whether there was an unnecessary delay in giving Smith the opportunity to make the phone call. We conclude, like the district court, no unnecessary delay occurred.

Section 804.20 applies to the period after arrest but before the formal commencement of criminal charges. *See State v. Robinson*, 859 N.W.2d 464, 487 (Iowa 2015). Although Smith was being detained for further investigation when he arrived at the police station, he was not yet under arrest. As part of the investigation, the officer requested Smith take field sobriety tests, which Smith

refused. It was not until Smith submitted to the preliminary breath test, which showed his blood alcohol content was more than twice the legal limit, that he was placed under arrest. Some three to four minutes then passed as the officer read the implied consent advisory and informed Smith of his section 804.20 rights. Smith was then allowed to make a phone call.

Without deciding whether Smith's time of arrest is the defining line for determining whether there was unnecessary delay in this case, we conclude the some eleven minutes between the time Smith arrived at the police station and the time he was allowed to make phone calls did not constitute unnecessary delay. As a pragmatic matter, it is unrealistic to expect law enforcement to hand an accused a phone the minute he or she steps foot into the detention center. Necessary security measures and administrative tasks first must be performed. Of course, performance of these tasks should not be used to unnecessarily delay a person's opportunity to make a call, but we find no unnecessary delay under the facts here. Accordingly, we affirm the denial of Smith's motion to suppress the evidence based on a violation of section 804.20.

**AFFIRMED.**